IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

JUL -1 2015

CLERK
S. DIST. OF GA

JULIAN C. LANE, JR., )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-092
)
S BANK, )
)
    Defendant. )
                         )

## O R D E R

Before the Court is Plaintiff's Motion to Remand (Doc. 5), to which Defendant has filed a response (Doc. 12). On April 17, 2014, Plaintiff filed suit against Defendant in the State Court of Liberty County, Georgia. (Doc. 1 at 11.) On May 8, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1331, maintaining that Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"). (Id. at 1-2.) Plaintiff argues in his Motion to Remand that his claims are grounded in state law and, as a result, this Court lacks subject matter jurisdiction. (Doc. 5.)

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to

federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). However, this case presents the Court with a unique problem: currently the Court is unable to identify what claims are actually in dispute.

The confusion over whether the Court has jurisdiction is the result of Plaintiff's wholly undeveloped pleading. Plaintiff insists in his Motion to Remand that he has "alleged solely state law claims of fraud in his Complaint and did not allege any claims under, nor even reference, ERISA." (Doc. 5 at 4.) However, the Court finds Plaintiff's contention only partially accurate. While Plaintiff never mentions ERISA in his complaint, he also never once used the word fraud. In fact, Plaintiff's complaint fails to identify the precise nature of any single claim or cause of action at all. Instead, Plaintiff merely recites a series of alleged facts followed by a demand for damages and attorney's fees.

The problems posed by such pleading are obvious. Indeed, Defendant admits that its removal of this action is somewhat speculative since "Plaintiff has failed to clearly delineate his claims in the Complaint." (Doc. 1 at 2.) At its core, however, Defendant's Notice of Removal relies on an assumption that the

2

case invokes federal jurisdiction because Plaintiff appears to seek money once held in an ERISA plan. (Doc. 1 at 2.) Given the incomplete nature of Plaintiff's complaint, however, the Court is unable analyze whether Plaintiff's claims fall within the scope of ERISA preemption.

While both parties have offered further arguments as to why this Court may or may not have jurisdiction, the Court finds these arguments premature. Without determining what claims, if any, actually exist in this case, the Court is unable to determine whether it has jurisdiction over them. Accordingly, Plaintiff's Motion to Remand is **DENIED**. However, Plaintiff is hereby **ORDERED** to file an amended complaint addressing the issues identified in this order.[1] Failure to file an appropriate complaint identifying the claims at issue will result in the dismissal of this action in its entirety.

SO ORDERED this 1ST day of July 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Because Plaintiff must file an amended complaint, all other pending motions in this case are **DISMISSED AS MOOT**. The parties may reassert their motions at the appropriate time if necessary.

3