JULIAN C. LANE,          )
                         )
        Plaintiff,       )
                         )
v.                       )          CASE NO. CV414-092
                         )
S BANK,                  )
                         )
        Defendant.       )
_____)

## O R D E R

Before the Court is Plaintiff's Motion to Remand (Doc. 36) and Defendant's Motion to Dismiss (Doc. 29). For the following reasons, Plaintiff's Motion to Remand (Doc. 36) is **DENIED.** Plaintiff shall have thirty days from the date of this order to file an amended complaint alleging claims under Employee Retirement Income Security Act of 1974 ("ERISA"). As a result, Defendant's Motion to Dismiss (Doc. 29) is **DISMISSED AS MOOT.**[1] Defendant shall have thirty days from the date Plaintiff files an amended complaint to refile a motion to dismiss.

### BACKGROUND

Plaintiff Julian C. Lane, Jr. was employed as the President of First Citizens Bank—the predecessor to Defendant S Bank. (Doc. 26 at 1.) On June 2, 2003, Plaintiff signed a Salary Continuation Agreement with First Citizens Bank ("the bank").

---

[1] Accordingly, Defendant's Motion for Hearing/Status Conference (Doc. 48) is **DISMISSED AS MOOT.**

The agreement provided Plaintiff with a valuable retirement benefit that was subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). (Id. at 3.) Plaintiff continued working for the bank for the next several years.

In 2008, the economy began to negatively affect many Georgia banks. (Id. at 2.) By 2009, the bank was experiencing difficulties meeting its loan repayment obligations. (Id.) Plaintiff offered to resign in order to reduce the bank's overhead. (Id.) The bank declined Plaintiff's offer, and Plaintiff continued working. (Id.)

In May 2010, the Chairman and Vice Chairman of the bank asked Plaintiff to surrender the benefits provided by his Salary Continuation Agreement in order to strengthen the bank's capital position. (Id. at 3.) The Chairman and Vice Chairman told Plaintiff that if he agreed to release the benefits provided under the Salary Continuation Agreement, Plaintiff could remain employed by the bank. (Id.) Contrary to those assertions, the agreement Plaintiff actually signed stated that "[n]o portion of this Termination Agreement shall be construed as an obligation on the part of the Bank to continue the employment of the Executive by the Bank or any of its affiliates or to retain the services of the Executive in any other capacity." (Doc. 1 at

2

60.) On June 1, 2010, Plaintiff signed the agreement to surrender his Salary Continuation Agreement. (Id.)

Unbeknownst to Plaintiff, members of the bank's board had contacted an individual named Mr. Worel to replace Plaintiff as CEO of First Citizens. (Doc. 26 at 5.) In December 2011, members of Defendant's board asked Plaintiff to retire. (Id. at 4.) Plaintiff refused this request stating that he needed to continue working to make up the money he lost by terminating his Salary Continuation Agreement. (Id.) Later that month, the board terminated Plaintiff and replaced him with Mr. Worel. (Id.) As a result, Plaintiff lost both his job and his retirement benefits.

In April 2014, Plaintiff filed a complaint in the State Court of Liberty County. (Doc. 1.) Although that complaint set out the facts of the case as discussed above and alleged damages in excess of $840,000.00, it failed to allege any cause of action. (Id.) Nevertheless, Defendant removed the case to this Court on May 8, 2014, arguing that the complaint alleged a federal question because Plaintiff's claims were subject to ERISA. (Id. at 2.) Defendant argued that Plaintiff's agreement was a "top hat plan" that was "unfunded and [] maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." (Id. at 3.) Defendant reasoned that any complaint brought subject to the Salary Continuation Agreement

3

was removable to federal court by virtue of ERISA preemption. (Id.)

On May 15, 2014, Plaintiff filed a motion to remand, arguing that his claims were not subject to ERISA. (Doc. 5.) On May 23, 2014, Defendant filed a Motion for Judgment on the Pleadings. (Doc. 8.) On July 1, 2015, this Court denied both motions and ordered Plaintiff to re-plead the complaint because the initial complaint was wholly underdeveloped. (Doc. 24.)

Plaintiff filed an amended complaint on July 17, 2015. (Doc. 27.) That amended complaint included one claim of fraud in the inducement, one claim of promissory estoppel, one claim of breach of fiduciary duty, and one claim for attorney's fees. Defendant then filed a Motion to Dismiss (Doc. 29) and Plaintiff filed a renewed Motion to Remand (Doc. 36). Plaintiff argues that the case should be remanded because he has not raised any claims pursuant to ERISA. (Id.) Defendant argues that removal was proper because ERISA preempts all of Defendant's state law claims. (Doc. 38.)

## ANALYSIS

In general terms, federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to

4

federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a defendant removes a case filed in state court, the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). One type of case for which district courts have original jurisdiction are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. These cases are typically referred to as cases involving a federal question.

Whether a case involves a federal question is determined by evaluating the plaintiff's complaint for a federal cause of action. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9-10 (1983). Even where a plaintiff's complaint alleges only state law claims, the case may be removed "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). One such statute is ERISA. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). As the Supreme Court has acknowledged,

> Congress enacted ERISA to protect ... the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory

> requirements for employee benefit plans and to
> provid[e] for appropriate remedies, sanctions, and
> ready access to the Federal courts. The purpose of
> ERISA is to provide a uniform regulatory regime over
> employee benefit plans. To this end, ERISA includes
> expansive pre-emption provisions, which are intended
> to ensure that employee benefit plan regulation would
> be exclusively a federal concern.

Id. at 208 (internal citations and quotations omitted). ERISA's

civil enforcement provision, § 502(a), codified at 29 U.S.C.

§ 1132(a), "has such 'extraordinary' preemptive power that it

'converts an ordinary state common law complaint into one

stating a federal claim for purposes of the well-pleaded

complaint rule.' " Conn. State Dental Ass'n v. Anthem Health

Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009) (citing Metro.

Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987)).

In Davila, the Supreme Court of the United States laid out

the test for determining whether state law claims are completely

preempted by ERISA.[2] The Court held that "if an individual, at

some point in time, could have brought his claim under ERISA

§ 502(a)(1)(B), and where there is no other independent legal

duty that is implicated by a defendant's actions, then the

individual's cause of action is completely pre-empted by ERISA

§ 502(a)(1)(B)." Davila, 542 U.S. at 210. As a result the Court

---

[2] There are two types of preemption. Complete preemption and
defensive preemption. While complete preemption allows a
defendant to remove a state law complaint to federal court,
defensive preemption "provides only an affirmative defense to
state law claims and is not a basis for removal." Ervast v.
Flexible Prods. Co., 346 F.3d 1007, 1012 n.6 (11th Cir. 2003).

must evaluate first, whether Plaintiff's claim could be brought under ERISA § 502(a)(1)(B) and second, whether there is an independent legal duty.

In order to determine whether a claim could have been brought under ERISA, a court must "examine [Plaintiff's] complaints, the statue on which their claim[ is] based . . . , and the various plan documents." Id. at 211. Section 502(a) of ERISA allows a civil action to be brought

    (1)  By a participant or beneficiary . . .

          b. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Courts have evaluated four factors to determine whether a claim could be brought under § 502(a). First, "there is a relevant ERISA Plan;" second, "Plaintiff has standing to sue under ERISA;" third, "Defendant is an ERISA entity;" and fourth, "Plaintiff seeks compensatory relief akin to that available under § [502a]." Gowen v. Assurity Life Ins. Co., 2013 WL 1192580 *3 (S.D. Ga. Mar. 22, 2013).

In this case, there is a relevant "plan." Specifically, Plaintiff is covered by the Salary Continuation Agreement. This plan is a "top hat plan."[3] These types of plans are "subject to

---

[3] As discussed above, a top hat plan is "a plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management

7

ERISA, 29 U.S.C. § 1003(a), but notably, they are excluded from many individual ERISA provisions on the basic assumption that high-level employees are in a 'strong bargaining position relative to their employers and thus do not require the same substantive protections that are necessary for other employees.' " Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006) (internal quotations omitted) (citing Goldstein v. Johnson & Johnson, 251 F.3d 433, 442 (3d Cir. 2001). While these plans may not be subject to all of the ERISA provisions, they do constitute ERISA plans. As a result, the first factor is satisfied in this case.

Plaintiff has standing to sue under ERISA. Plaintiff is a beneficiary of the Salary Continuation Agreement. A "participant or beneficiary" may bring a claim pursuant to § 502(a). Accordingly, the second factor is satisfied. Likewise, Defendant is an ERISA entity. "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." Morstein v. Nat'l Ins. Servs., Inc., 93 F.3d 715, 722 (11th Cir. 1996) (en banc) (citations omitted). Defendant is Plaintiff's employer and, accordingly, is an ERISA entity for purposes of this evaluation. The third factor is therefore satisfied.

---

or highly compensated employees." 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1).

Finally, this claim is available under § 502(a). Plaintiff alleges that he was fraudulently induced to give up his benefits under the Salary Continuation Agreement. As a result, he is seeking the reinstitution of those benefits. Plaintiff's claim is "in essence [a] claim[] 'to recover benefits due to [Plaintiff] under the terms of the plan.' " Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213 (11th Cir. 1999) (citing 29 U.S.C. § 1132(a)(1)(B)). As a result this claim could be brought under § 502(a) and the first requirement of the Davila test is satisfied.

What is less clear in this case is whether the second prong of the Davila test is satisfied. Specifically: whether there exists an independent legal duty. Generally, the Court evaluates whether it is necessary to interpret the ERISA benefit plan to dispose of Plaintiff's state law claim. Davila, 542 U.S. at 213. In this case, there is some indication that an analysis of the terms of the Salary Continuation Agreement will be necessary in order to dispose of Plaintiff's claims. See e.g. Gowen, 2013 WL 1192580 *6 ("Defendant['s] . . . potential state law liability 'derives entirely from the particular rights and obligations established by his ERISA-regulated benefit plan.") (quoting Davila, 542 U.S. at 213). Plaintiff acknowledges that his entitlement to the Salary Continuation Agreement's benefits is dependent on factors described in the agreement itself.

Moreover, Plaintiff's claims exist only to the extent that the bank's board fraudulently induced him to give up his retirement benefits under an ERISA regulated plan. See Gonzalez v. Wells Fargo Bank, N.A., 2013 WL 5435789, at *11 (S.D. Fla. Sept. 27, 2013) ("Plaintiff's . . . claim exists only because of the Bank's alleged improper administration of an ERISA regulated benefit plan."); see also Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir. 1987) (ERISA preempted state law breach of contract/wrongful discharge claims to extent derived from allegations relating to interference with employee's right to retirement benefits under employee benefit plan). Accordingly, the Court concludes that there is no independent legal duty and that the second requirement of the Davila test is also satisfied. Plaintiff's claims are completely preempted by ERISA and Plaintiff's Motion to Remand (Doc. 36) is **DENIED**.

The Court has concluded that Plaintiff's complaint alleges claims completely preempted by ERISA. However, the complaint as amended and Defendant's motion to dismiss are based on inapplicable state law. Plaintiff shall have thirty days from the date of this order to file a amended complaint alleging claims under ERISA. See Butero, 174 F.3d at 1215 (noting that district court properly dismissed claims preempted by ERISA with leave to refile). Accordingly, Defendant's Motion to Dismiss (Doc. 29) is **DISMISSED AS MOOT**. Defendant shall have thirty days

10

from the date Plaintiff files an amended complaint to refile a motion to dismiss.

## CONCLUSION

For the following reasons, Plaintiff's Motion to Remand (Doc. 36) is **DENIED**. Plaintiff shall have thirty days from the date of this order to file an amended complaint alleging claims under ERISA. Defendant's Motion to Dismiss (Doc. 29) is **DISMISSED AS MOOT**. Defendant shall have thirty days from the date Plaintiff files an amended complaint to refile a motion to dismiss.

SO ORDERED this *27ᵗʰ* day of April 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA